Daniel Sadeh, Esq.
**HALPER SADEH LLP**
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODNEY RIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>ZURN WATER SOLUTIONS CORPORATION, TODD A. ADAMS, MARK S. BARTLETT, JACQUES DONAVON BUTLER, THOMAS D. CHRISTOPOUL, DAVID C. LONGREN, GEORGE C. MOORE, ROSEMARY M. SCHOOLER, JOHN S. STROUP, and PEGGY N. TROY,<br><br>    Defendants. | Case No:<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Rodney Riggs ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.     This is an action against Zurn Water Solutions Corporation ("Zurn" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their

1

violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in connection with the proposed merger (the "Proposed Transaction") of Zurn and Elkay Manufacturing Company ("Elkay").

2.      On April 5, 2022, Defendants caused to be filed with the SEC a Form S-4 Registration Statement (the "Registration Statement") under the Securities Act of 1933 in connection with the Proposed Transaction.

3.      The Registration Statement, which recommends that Zurn shareholders vote in favor of, among other things, the issuance of Zurn common stock in connection with the Proposed Transaction (the "Stock Issuance"), omits and/or misrepresents material information concerning: (i) Zurn's and Elkay's financial projections; (ii) the financial analyses performed by Zurn's financial advisor, Evercore Group L.L.C. ("Evercore"), in connection with its fairness opinion; (iii) potential conflicts of interest involving Evercore; and (iv) potential conflicts of interest involving Company insiders.

4.      These material misrepresentations and omissions prevent the Company's shareholders from making a fully informed voting decision on the Proposed Transaction and Stock Issuance proposal. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote on the Stock Issuance.

## JURISDICTION AND VENUE

5.      The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company conducts business in New York City.

8.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9.      Plaintiff is, and has been at all relevant times hereto, an owner of Zurn common stock.

10.     Defendant Zurn designs, procures, manufactures, and markets water system solutions that provide and enhance water quality, safety, flow control, and conservation in and around non-residential buildings. The Company is incorporated in Delaware. The Company's common stock trades on the New York Stock Exchange under the ticker symbol, "ZWS."

11.     Defendant Todd A. Adams ("Adams") is Chief Executive Officer and Chairman of the Board of the Company.

12.     Defendant Mark S. Bartlett ("Bartlett") is a director of the Company.

13.     Defendant Jacques Donavon Butler ("Butler") is a director of the Company.

14.     Defendant Thomas D. Christopoul ("Christopoul") is a director of the Company.

15.     Defendant David C. Longren ("Longren") is a director of the Company.

16.     Defendant George C. Moore ("Moore") is a director of the Company.

17.     Defendant Rosemary M. Schooler ("Schooler") is a director of the Company.

18.     Defendant John S. Stroup ("Stroup") is a director of the Company.

19.     Defendant Peggy N. Troy ("Troy") is a director of the Company.

20.     Defendants Adams, Bartlett, Butler, Christopoul, Longren, Moore, Schooler, Stroup, and Troy are collectively referred to herein as the "Individual Defendants."

21.     Defendants Zurn and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.  The Proposed Transaction

22.     On February 14, 2022, Zurn and Elkay announced that they had reached a definitive agreement to combine in an all-stock transaction. Upon completion of the Proposed Transaction, Zurn shareholders will own approximately 71% and Elkay shareholders will own approximately 29% of the combined and newly named company – Zurn Elkay Water Solutions Corporation. The press release announcing the Proposed Transaction states, in pertinent part:

**Zurn Water Solutions and Elkay Manufacturing to Combine; Creating a Leader in Sustainable Water Solutions**

- Transformational combination of two leaders in sustainable water solutions for health, human safety and the environment
- Significant expansion of size, scale and addressable market
- Adds leading drinking water business with significant growth and margin potential
- Advances Environmental, Social and Governance (ESG) and sustainability mission
- Accelerated growth opportunities by pairing two iconic brands with complementary products leveraging the Zurn Business System
- Clear path to driving $50 million in run-rate cost synergies
- Positioned to deliver superior shareholder value coupled with a strong balance sheet - planned increase in Zurn quarterly cash dividend after close of transaction
- Conference call to discuss transaction today at 7:30 a.m. CT / 8:30 a.m. ET

February 14, 2022 06:31 AM Eastern Standard Time

MILWAUKEE--(BUSINESS WIRE)--Zurn Water Solutions Corporation (NYSE: ZWS), a market leader in smart, sustainable water solutions and products, and Elkay Manufacturing Company, a market leader in the highly attractive and growing commercial drinking water solutions business, announced today they have reached a definitive agreement to combine the businesses in an all-stock transaction. Upon completion of the transaction, Zurn Water Solutions shareholders will own approximately 71% and Elkay shareholders will own approximately 29% of the combined and newly named company – Zurn Elkay Water Solutions Corporation.

\*       \*       \*

**Governance and Locations**

Upon closing, the combined company will continue to be led by the existing Zurn Water Solutions Board of Directors with the addition of two new directors who currently serve on the Elkay Board of Directors. Todd Adams will remain Chairman and Chief Executive Officer, Craig Wehr will remain President of Zurn Water Solutions, and Ted Hamilton will remain President of Elkay Plumbing.

The combined company will continue to trade under the ticker NYSE: ZWS. It will be headquartered in Milwaukee, Wisconsin and will continue to maintain a presence in the Chicago area where Elkay is headquartered.

**Transaction Structure and Closing Conditions**

Under the terms of the transaction agreements Elkay shareholders will receive up to 52.5M shares of Zurn Water Solutions, which results in, Elkay shareholders owning approximately 29% in the combined company.

Based on the February 11, 2022 closing price of Zurn's common stock, the transaction values Elkay at $1.56 billion, representing 14.2x its forecasted 2022 Adjusted EBITDA, or 9.8x after factoring in forecasted run-rate cost synergies. The transaction is subject to regulatory approvals, Zurn Water Solutions and Elkay shareholder approval, and customary closing conditions, and is expected to close in the third quarter of 2022. Elkay shareholders holding approximately 73% of Elkay's common stock have entered into support agreements committing them to vote all of their respective shares in favor of the transaction, and against any competing acquisition proposal.

\*       \*       \*

**Advisors**

Evercore is serving as financial advisor to Zurn Water Solutions, and Morgan, Lewis & Bockius LLP is serving as legal counsel. Citi and J.P. Morgan Securities LLC are serving as financial advisors to Elkay, and Mayer Brown is serving as legal counsel.

**About Zurn Water Solutions**

Headquartered in Milwaukee, Wisconsin, Zurn Water Solutions is a growth-oriented, pure-play water business that designs, procures, manufactures, and markets what we believe is the broadest sustainable product portfolio of solutions to improve health, human safety, and the environment. The Zurn product portfolio includes professional grade water control and safety, water distribution and drainage, finish plumbing, hygienic, environmental and site works products for public and private spaces. Additional information about the Company can be found at zurnwatersolutions.com.

**About Elkay**

Family-owned since 1920, Elkay has been making innovative products and delivering exceptional customer care for almost a century. While proud to be America's No. 1 selling kitchen sink company, Elkay expanded its commercial offerings more than four decades ago and today delivers faucets, water coolers, drinking fountains, Smartwell Water Delivery Systems, and the award-winning ezH2O bottle filling stations, in addition to world-class stainless steel and quartz sinks. Like your family, Elkay has values and traditions that endure - like our commitment to sustainability and giving back to our community. Headquartered in the United States in Downers Grove, Illinois, Elkay employs over 1,800 employees worldwide, working from 13 locations across the U.S., China, and Mexico. For more information, visit www.elkay.com.

**B. The Registration Statement Contains Materially False and Misleading Statements and Omissions**

23.     The Registration Statement omits and/or misrepresents material information concerning: (i) Zurn's and Elkay's financial projections; (ii) the financial analyses performed by Evercore in connection with its fairness opinion; (iii) potential conflicts of interest involving Evercore; and (iv) potential conflicts of interest involving Company insiders.

24.     The omission of the material information (referenced below) renders the following sections of the Registration Statement false and misleading, among others: (i) Zurn's Reasons for

the Approval of the Merger and the Merger Share Issuance Proposal; (ii) Recommendation of the Board of Directors; (iii) Certain Financial Forecasts Reviewed by Zurn's Board of Directors and Financial Advisor; and (iv) Opinion of Evercore, Zurn's Financial Advisor.

25.     Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote on the Stock Issuance, the Company's shareholders will be forced to make a voting decision on the Stock Issuance without full disclosure of all material information. In the event Defendants fail to disclose the following information before the shareholder vote, Plaintiff may seek damages resulting from Defendants' misconduct.

**1.  Material Omissions Concerning Zurn's and Elkay's Financial Projections**

26.     The Registration Statement omits material information concerning Zurn's and Elkay's financial projections.

27.     With respect to Zurn's and Elkay's financial projections, the Registration Statement fails to disclose: (1) all line items underlying Zurn's and Elkay's financial projections; (2) Zurn's and Elkay's respective net income projections; and (3) a reconciliation of all non-GAAP to GAAP metrics.

28.     The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of Zurn and the combined company and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the future prospects of Zurn and the combined company. Without such information, which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction and Stock Issuance.

29.     When a company discloses non-GAAP financial metrics in a Registration Statement that were relied upon by its board of directors in recommending that shareholders exercise their corporate suffrage rights in a particular manner, the company must also disclose, pursuant to SEC Regulation G, all projections and information necessary to make the non-GAAP metrics not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial metrics disclosed or released with the most comparable financial metrics calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.[1]

30.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## 2. Material Omissions Concerning Evercore's Analyses

31.     In connection with the Proposed Transaction, the Registration Statement omits material information concerning analyses performed by Evercore.

32.     With respect to Evercore's "*Selected Public Company Trading Analyses*," the Registration Statement fails to disclose the individual financial metrics of each company Evercore observed in its analyses, including each company's total enterprise value and estimated calendar years 2022 and 2023 Adjusted EBITDA.

33.     With respect to Evercore's "*Elkay Selected Precedent Transactions vs. Zurn 30-*

---

[1] Mary Jo White, *Keynote Address, International Corporate Governance Network Annual Conference: Focusing the Lens of Disclosure to Set the Path Forward on Board Diversity, Non-GAAP, and Sustainability* (June 27, 2016), https://www.sec.gov/news/speech/chair-white-icgn-speech.html (footnotes omitted) (last visited Apr. 18, 2022) ("And last month, the staff issued guidance addressing a number of troublesome practices which can make non-GAAP disclosures misleading: the lack of equal or greater prominence for GAAP measures; exclusion of normal, recurring cash operating expenses; individually tailored non-GAAP revenues; lack of consistency; cherry-picking; and the use of cash per share data. I strongly urge companies to carefully consider this guidance and revisit their approach to non-GAAP disclosures.").

*Day VWAP Valuation Analysis*," the Registration Statement fails to disclose: (1) the individual financial metrics of each target company Evercore observed in its analyses, including each company's total enterprise value and trailing twelve-month EBITDA; and (2) the individual inputs and assumptions underlying the multiples and discount rates used in the analyses.

34.     With respect to Evercore's "*Discounted Cash Flow Analyses*," the Registration Statement fails to disclose: (1) the terminal values for Elkay and Zurn; (2) the individual inputs and assumptions underlying the perpetuity growth rates, discount rates, and multiples used in the analyses; and (3) Zurn's estimated net debt and after-tax underfunded pension obligation as of December 31, 2021.

35.     The Registration Statement fails to disclose the following concerning Evercore's "*Equity Research Analyst Price Targets — Zurn*" analysis: (1) the individual price targets observed by Evercore in its analysis; and (2) the sources thereof.

36.     The valuation methods, underlying assumptions, and key inputs used by Evercore in rendering its purported fairness opinion must be fairly disclosed to the Company's shareholders. The description of Evercore's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses.

37.     Without the information described above, the Company's shareholders are unable to fully understand Evercore's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed Transaction and Stock Issuance. This omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 3.  Material Omissions Concerning Potential Conflicts of Interest Involving Evercore

38.     The Registration Statement omits material information concerning potential

conflicts of interest involving Evercore.

39.     The Registration Statement provides that "Zurn [] agreed to pay to Evercore, at the conclusion of the assignment, an additional discretionary fee in an amount not to exceed $0.5 million, in an amount determined by the Zurn Board in its sole and absolute discretion," but fails to disclose the circumstances under which Evercore may receive "an additional discretionary fee in an amount not to exceed $0.5 million," and whether the Company intends to pay Evercore such a fee.

40.     The Registration Statement further fails to disclose the timing and nature of the past services that Evercore and/or its affiliates provided to Zurn and/or its affiliates.

41.     Disclosure of a financial advisor's compensation and potential conflicts of interest to shareholders is required due to their central role in the evaluation, exploration, selection, and implementation of strategic alternatives and the rendering of any fairness opinions. Disclosure of a financial advisor's potential conflicts of interest may inform shareholders on how much weight to place on that analysis.

42.     The omission of the above-referenced information renders the Registration Statement materially incomplete and misleading. This information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 4.  Material Omissions Concerning Company Insiders' Potential Conflicts of Interest

43.     The Registration Statement omits material information concerning potential conflicts of interest involving Company insiders.

44.     The Registration Statement fails to disclose the details of all employment-related and compensation-related discussions and negotiations concerning the Company's officers and directors, including the parties to such communications, when they occurred, and the specific

content discussed/communicated.

45.     Any communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to shareholders. This information is necessary for shareholders to understand potential conflicts of interest of management and the Board. Such information may illuminate the motivations that would prevent fiduciaries from acting solely in the best interests of the Company's shareholders.

46.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

47.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

48.     During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Registration Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

49.     Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Registration Statement with respect to the Proposed Transaction and/or Stock Issuance. The Defendants were, at minimum, negligent in filing the materially false and misleading Registration Statement.

50.     The false and misleading statements and omissions in the Registration Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction and Stock Issuance.

51.     By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

52.     Because of the false and misleading statements and omissions in the Registration Statement, Plaintiff is threatened with irreparable harm.

**COUNT II**
**Violations of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

53.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54.     The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Registration Statement.

55.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful

information with respect to the Registration Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

56.    In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Registration Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Registration Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction and/or Stock Issuance. Thus, the Individual Defendants were directly involved in the making of the Registration Statement.

57.    In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction and/or Stock Issuance. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

58.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's

shareholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction and Stock Issuance, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E.      Granting such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: April 18, 2022

Respectfully submitted,

**HALPER SADEH LLP**

By: /s/ Daniel Sadeh
Daniel Sadeh, Esq.
Zachary Halper, Esq. (to be admitted *pro hac vice*)
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com
       zhalper@halpersadeh.com

*Counsel for Plaintiff*